NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREA ALACHAN LEMUS, | No.   17-73251 |
| Petitioner, | Agency No. A206-681-292 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021[**]

Before:  HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Lead petitioner Andrea Alachan Lemus ("Petitioner") and her son, Carlos Arevalos Alachan, timely seek review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of an immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reviewing de novo the agency's legal conclusions and reviewing for substantial evidence its factual findings, J.R. v. Barr, 975 F.3d 778, 781 (9th Cir. 2020), we deny the petition in part, grant the petition in part, and remand for further proceedings.

1. The BIA correctly held that one of Petitioner's proposed "particular social groups" is not cognizable. "Victims of domestic violence" impermissibly defines the group solely by reference to harm. See Diaz-Reynoso v. Barr, 968 F.3d 1070, 1081 n.5 (9th Cir. 2020) ("[P]ersecution alone cannot define the social group.").

2. Substantial evidence supports the BIA's conclusion, on this record, that Petitioner's general fears of criminal violence upon return to El Salvador bear an insufficient nexus to her proposed social group of "young, single-mothers returning to El Salvador from the United States." See Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

3. Substantial evidence does not support the BIA's determinations with respect to a particular social group composed of domestic violence victims in El

Salvador who are unable to leave their relationships, akin to the group discussed in Matter of A-R-C-G-, 26 I. & N. Dec. 388 (BIA 2014).[1]

First, substantial evidence does not support the BIA's conclusion that Petitioner "was able to leave the domestic relationship she shared with her former partner," because the BIA's analysis rested on a plainly erroneous understanding of the record. Petitioner lived with her former partner continuously from August 2008 through January 2014, except for a one-year period beginning in February 2010. Petitioner was abused repeatedly during the two periods of cohabitation. The BIA misunderstood the factual record, stating incorrectly that Petitioner "was able to leave her former partner and live with her parents without incident from 2009 to 2010 and later from March 2011 to January 2014." On remand, the BIA may reconsider—with a proper understanding of the record—whether Petitioner was able to leave the relationship successfully.

---

[1] The Attorney General later overruled Matter of A-R-C-G- in Matter of A-B-, 27 I. & N. Dec. 316 (A.G. 2018), which itself has been overruled in part, Grace v. Barr, 965 F.3d 883 (D.C. Cir. 2020), and further refined, Matter of A-B-, 28 I. & N. Dec. 199 (Acting A.G. 2021). Later legal developments do not affect our analysis here for two independent reasons. First, the BIA did not hold, in the alternative, that Petitioner's proposed group was not cognizable; we therefore cannot reach that ground. Navas v. INS, 217 F.3d 646, 658 n.16 (9th Cir. 2000). Second, we recently held that the BIA must carefully examine the cognizability of proposed particular social groups, Diaz-Reynoso, 968 F.3d at 1082–87, which did not occur here.

Second, substantial evidence does not support the BIA's conclusion that the Salvadoran government was not unable or unwilling to protect her. The relevant country report and several news articles support Petitioner's own testimony that reporting an incident to the police would have been futile. The evidence in this record as to El Salvador thus differs from the evidence pertaining to Guatemala in Velasquez-Gaspar v. Barr, 976 F.3d 1062, 1064–65 (9th Cir. 2020). Given the general country conditions and Petitioner's testimony—which the IJ and BIA credited—that the police in her town do not respond to formal complaints, substantial evidence does not support the BIA's speculation that, because a family friend who was a police officer encouraged Petitioner to file a formal complaint, the police would have acted in this instance.

4. Substantial evidence supports the BIA's conclusion that Petitioner is not entitled to relief under the Convention Against Torture.

The parties shall bear their own costs on appeal.

**DENIED in part, GRANTED in part, and REMANDED for further proceedings.**